UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KESHAWN WIGGINS,

                           Plaintiff,

    -against-

THE CITY OF NEW YORK, SERGEANT
CHRISTOPHER RIZZO (Tax # 935605),
POLICE OFFICER TYRANE ISAAC
(Tax # 941937), POLICE OFFICER STEPHEN
MINUCCI, POLICE OFFICER DEVEN OKVIST
and POLICE OFFICER(S) JOHN DOE 1-2,

                         Defendants.

------------------------------------------------------------x

14 Civ. 749 (ARR)(MDG)

AMENDED COMPLAINT

JURY DEMAND

KESHAWN WIGGINS (hereinafter "plaintiff"), by his attorney(s), The Law Offices of

Wale Mosaku, P.C., complaining of the defendants THE CITY OF NEW YORK,

SERGEANT CHRISTOPHER RIZZO (Tax # 935605), POLICE OFFICER TYRANE

ISAAC (Tax # 941937), POLICE OFFICER STEPHEN MINUCCI, POLICE OFFICER

DEVEN OKVIST and POLICE OFFICER(S) JOHN DOE 1-2 (hereinafter collectively

referred to as "the Defendants"), alleges as follows:

NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom,
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. § 1983 [and §1985], [and arising under the law and statutes of
the State of New York].

JURISDICTION

2.        The jurisdiction of this Court is invoked pursuant to 42 U.S.C.
Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and
under the Fourth, Fifth, Sixth and Fourteenth Amendments to the
United States Constitution.

3.          As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4.          All conditions precedent to the filing of this action have been complied with. On December 12, 2013, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff's representative, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2013PI031915 by the City of New York's Comptroller's office.

5.          At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

6.          This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

7.          Plaintiff is a citizen of the United States, resident in Kings County, New York State. Plaintiff is an African-American male of full age.

8.          At all relevant times, defendants SERGEANT CHRISTOPHER RIZZO (Tax # 935605), POLICE OFFICER TYRANE ISAAC (Tax # 941937), POLICE OFFICER STEPHEN MINUCCI, POLICE OFFICER DEVEN OKVIST and POLICE OFFICER(S) JOHN DOE 1-2 (hereinafter "defendant officers") were law enforcement officers employed by the Police Department of the City of New York ("NYPD").

9.          At all relevant times, the defendant officers were employed as law enforcement officers of the City of New York, State of New York,

and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

10.     At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, specifically the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

11.     Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     On or about October 25, 2013, at approximately 11:00 p.m., at or about the intersection of Ralph Avenue and Dean Street, in Brooklyn, New York (hereinafter "subject location"), the plaintiff was illegally and unlawfully arrested by the defendant officers.

13.     Immediately prior to the time of the above-referenced arrest, the plaintiff had just left his residence, and was on his way to a grocery store in the neighborhood to purchase some items.

14.     As the plaintiff was walking out of the housing development within which he resides, on Ralph Avenue, he observed a police vehicle drive out of the same development, in the same direction he was walking. The police vehicle passed the plaintiff, drove a short distance, and thereafter reversed back to the plaintiff's location.

15.     The plaintiff recognized the defendant officers from a prior incident that occurred on July 31, 2013, when said officers were involved in the execution of a search warrant at the plaintiff's residence that led

to the unlawful arrest of the plaintiff and other members of his family.

16.  When the police vehicle was adjacent to the plaintiff, the defendant officers got out of the vehicle, and without informing the plaintiff of any offense he had committed, placed the plaintiff in handcuffs, forced him into their vehicle, and then drove the plaintiff to the 77th police precinct located at 127 Utica Avenue, Brooklyn, New York 11213.

17.  The plaintiff was not searched or frisked by the defendant officers, prior to being placed in handcuffs at the subject location and thereafter transported to the 77th precinct.

18.  Upon arrival at the 77th precinct, the plaintiff was taken to the front desk by the defendant officers, where he was logged in the precinct's "Command Log".

19.  Subsequently, the plaintiff was caused to be unlawfully and illegally strip-searched by the defendant officers. Nothing unlawful or illegal was found upon the person of the plaintiff.

20.  After the strip-search, the plaintiff was placed inside of a cell, where he remained until approximately 09:00 a.m. on 10/26/2013, at which time he was transported to "Central Booking", situated within the Kings County Criminal Courthouse located at 120 Schermerhorn Street, Brooklyn New York 11201.

21.  At approximately 01:00 a.m. on 10/27/2013, the plaintiff was arraigned before a judge, and at that time the case was adjourned in contemplation of dismissal.

22.  That within the complaint Paralegal Stacy Myers of the Kings County District Attorney's office, stated, *inter alia*, that the plaintiff "…*on or about October 25, 2013 at approximately 10:56 PM at 654 Kingsborough 6 Walk…*" had committed the offense of Criminal Possession of a Weapon in the Fourth Degree [PL 265.01(1)], and that the grounds for her belief was that  she was "…*informed by*

*Police Officer Tyrane Isaac Shield No. 17818…that…the informant observed the [plaintiff] in possession of a gravity knife in that the defendant recovered the above mentioned gravity knife from the [plaintiff's] person…"*

23.     That said allegations by defendant Police Officer Tyrane Isaac (Shield # 17818) were completely false and untrue.

24.     The plaintiff's Kings County Criminal Court docket number was "2013KN083251".

25.     That upon the plaintiff's release from custody, he discovered that a search warrant had been executed at his premises a few hours after his arrest by the NYPD, including all or some of the defendant officers.

CAUSE(S) OF ACTION AGAINST EACH DEFENDANT<br>OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

26.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27.     Following the plaintiff's arrest, the defendants searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

28.     As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FALSE ARREST<br>AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983

29.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30.     The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

31.     As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

32.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

33.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

34.     This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

<u>CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION  OF EVIDENCE</u>

35.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36.     The individual defendants created false evidence against the plaintiff.

37.     The individual defendants forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

38.     That said defendants were directly involved in the initiation of criminal proceedings against the plaintiff.

39.    That said defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

40.    That said defendants acted with malice in initiating criminal proceedings against the plaintiff.

41.    That said defendants were directly involved in the continuation of criminal proceedings against the plaintiff.

42.    That said defendants lacked probable cause in continuing criminal proceedings against the plaintiff.

43.    That said defendants acted with malice in continuing criminal proceedings against the plaintiff.

44.    That said defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

45.    That said defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

46.    That said defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

47.    That said defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

48.    By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

49.    As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against each of the defendants, individually and severally.

CAUSE(S) OF ACTION AGAINST EACH DEFENDANT
OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

50.     By this reference, the plaintiff incorporates each and every allegation
and averment set forth in paragraphs 1 through 49 of this complaint
as though fully set forth herein.

51.     Each and every individual defendant had an affirmative duty to
intervene on the plaintiff's behalf to prevent the violation to his
constitutional rights, as more fully set forth above.

52.     The individual defendants failed to intervene on the plaintiff's behalf
to prevent the violation of his constitutional rights, despite having
had a realistic and reasonable opportunity to do so.

53.     As a consequence of said defendants' actions, plaintiff suffered loss
of liberty, humiliation, mental anguish, depression, loss of wages
from work, and his constitutional rights were violated. Plaintiff
hereby demands compensatory damages and punitive damages, in the
amount of to be determined at trial, against each of the defendants,
individually and severally.

CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK:
MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

54.     By this reference, plaintiff incorporates each and every allegation and
averment set forth in paragraphs 1 through 53 of this complaint as
though fully set forth herein.

55.     The acts complained of were carried out by the individual defendants
in their capacities as police officers and officials, with all the actual
and/or apparent authority attendant thereto.

56.     The defendant officers acted under color of law, in their official
capacity, and their acts were performed pursuant to the customs,
policies, usages, practices, procedures and rules of the City of New
York and its police department.

57.     The aforementioned customs, policies, usages, practices, procedures
        and rules of the City of New York and its police department include,
        but are not limited to the following unconstitutional practice(s):
        a. wrongfully and unreasonably searching and arresting innocent
        members of the public.

58.     The aforesaid event was not an isolated incident.  The City and its
        police commissioner has been aware for some time, from lawsuits,
        notices of claim, complaints filed with the Civilian Complaint
        Review Board, and judicial rulings suppressing evidence and finding
        officers incredible as a matter of law, that a disturbing number of
        their police officers unlawfully stop, search and arrest innocent
        members of the public, and fail to intervene in and report the
        obviously illegal actions of their fellow officers.  Nevertheless, the
        City and its police commissioner have allowed policies and practices
        that allow the aforementioned to persist.

59.     For example, the well documented failures of the Civilian Complaint
        Review Board ("the CCRB"), a City agency, to substantiate
        obviously meritorious citizen complaints have gone uncorrected. The
        CCRB regularly finds complainants lack credibility based on the fact
        that such complainants have also brought lawsuits to remedy the
        wrongs they have experienced, a practice that often results in not
        substantiating the most serious charges brought to them.

60.     The NYPD, upon receiving a substantiated complaint by the CCRB,
        fails to adequately discipline officers for misconduct.

61.     The NYPD Department Advocate, which is endowed with the
        responsibility of following up on substantiated CCRB charges, is
        understaffed and under-utilized.

62.     Furthermore, in the extraordinarily rare event that the CCRB
        substantiates a complaint and the Department Advocate proves the
        case in an internal trial against an officer, the police commissioner

still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

63.     Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.  Without this notification, improper practices go uncorrected.

64.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a)     The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b )     The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

65.     The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

66.     The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed

regulate and control the activities and conduct of the defendant officers.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1.     For compensatory damages against all defendants in an amount to be proven at trial;

2.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4.     For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       May 27, 2014

                            LAW OFFICES OF WALE MOSAKU, P.C.

                            By:            /s/

                            Wale Mosaku (AM5872)
                            Attorney for the Plaintiff
                            25 Bond Street, 3rd Floor
                            Brooklyn, N.Y. 11201
                            (718) 243-0994

TO:

David Cooper, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendants
The City of New York & Police Officer Tyrane Isaac
100 Church Street
New York, N.Y. 10007
(212) 356-3535

Sergeant Christopher Rizzo (Tax # 935605)
77th Police Precinct
127 Utica Avenue
Brooklyn, New York 11213

Police Officer Stephen Minucci
77th Police Precinct
127 Utica Avenue
Brooklyn, New York 11213

Police Officer Deven Okvist
77th Police Precinct
127 Utica Avenue
Brooklyn, New York 11213

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK: 14 Civ. 749 (ARR)(MDG)
_____

KESHAWN WIGGINS,

                                                    Plaintiff,

            -against-

THE CITY OF NEW YORK, SERGEANT
CHRISTOPHER RIZZO (Tax # 935605),
POLICE OFFICER TYRANE ISAAC
(Tax # 941937), POLICE OFFICER STEPHEN
MINUCCI, POLICE OFFICER DEVEN OKVIST
and POLICE OFFICER(S) JOHN DOE 1-2,

                                                    Defendants.

_____

AMENDED COMPLAINT

_____

LAW OFFICES OF WALE MOSAKU, P.C.
Attorney(s) for Plaintiff(s)
25 Bond Street, 3rd Floor
Brooklyn, New York 11201
(718) 243-0994

_____

To:                              Service of a copy of the within
                                 is hereby admitted.

                                 Dated:................ 201_

Attorney(s) for Defendants

_____